IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELMWOOD STORE CORP T/A LUCKY STAR, 7329 Elmwood Avenue Philadelphia PA 19142<br><br>Plaintiffs,<br>v.<br><br>AHMED KHEDR, 664 Church Lane Lansdowne, PA 19050<br><br>DWAYNE S. EICHENBAUM c/o 1761 Old York Road Abington, PA 19001<br><br>ACCOUNTING EDGE, INC. 1761 Old York Road Abington, PA 19001<br><br>Defendants. | CIVIL ACTION No. 2:26-cv-384<br><br>**INJUNCTIVE AND DECLARATORY RELIEF DEMANDED**<br><br>**Along with Trial by Jury** |

## COMPLAINT

Plaintiff, by and through its attorneys, McCainLaw, PC as and for Plaintiff's Complaint in this action against the Defendants ( hereinafter referred to as "Defendants"), respectfully alleges as follows upon information and belief:

## NATURE OF THE CLAIMS

This action is brought to remedy, *inter alia*, Defendants unlawful forgery and counterfeiting of Internal Revenue Service (IRS) documents purporting to be written and filed by Plaintiff who did not execute or authorize Defendant to write or execute said legal documents. Said documents were used by Defendant Khedr in an attempt to bring false Fair Labor Standard Act (FLSA) claims against Plaintiff. Through their unlawful conduct, Defendants violated 29

U.S.C. §§ 201 *et seq*.; 26 U.S.C § 7206, 7207; 18 U.S.C § 1546; 18 U.S.C § 471; and Title 18 Pa.Code § 4101, 4107.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331in that the action involves federal questions, because the causes of action asserted herein arise in part under 29 U.S.C. §§ 201 *et seq*.; 26 U.S.C § 7206, 7207; 18 U.S.C § 1546; 18 U.S.C § 471; as well as violations of the laws of the Commonwealth of Pennsylvania whereby Plaintiff is seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of Defendants actions.

2. This action has been timely filed and has met all conditions precedent.

3. Venue is proper because Defendants reside, conduct business, are or were employed in Philadelphia and the incidents comprising this Complaint occurred in Philadelphia, Pennsylvania.

## PARTIES

4. Plaintiff, Elmwood Store Corp. T/A Lucky Star Food Market ("Lucky Star") is a Pennsylvania Corporation with a business address of 7329 Elmwood Avenue, Philadelphia, PA 19142.

5. Defendant, Ahmed Khedr is an adult male immigrant who resides in the commonwealth of Pennsylvania with an address for the purposes of correspondence at 1845 Walnut Street, Philadelphia, PA 19106.

6. Defendant, Accounting Edge Inc. is a Pennsylvania Corporation operating out of a street address of 1761 Old York Road, Abington, PA 19001.

7. Defendant, Dwayne Eichenbaum is an adult male who aided and abetted Defendant

Khedr in creating and/or filing forged documents, who resides in the commonwealth of Pennsylvania with an address for the purposes of correspondence at 1761 Old York Road, Abington, PA 19001.

8. The individual Defendants all are liable for statutory and common law offenses and guilty of state and federal Criminal offenses.

## STATEMENT OF FACTS

9. On July 16, 2024, Defendant Khedr filed a complaint in Philadelphia Court of Common Pleas (PCCP) against Plaintiff Lucky Starr and its managers Sami and Jabr Alsulaimani. (<u>Khedr v. Elmwood et al.</u>, PCCP No. 240701565). (See attached Exhibit A).

10. The complaint falsely alleged Khedr was an employee of Lucky Star from 2017-2023 and had not been paid overtime wages in violation of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

11. In the course of discovery in this matter, Defendant Khedr produced an Amended 2023 U.S. Individual Income Tax Return along with documents allegedly relative to his 2022 Federal Income Tax Return. (See attached Exhibit B).

12. These documents were reviewed and produced via Defendant's counsel of record Samuel Datloff, Esquire of the law firm Willig, Williams & Davidson located at 1845 Walnut Street, 24th Floor, Philadelphia, PA 19103.

13. According to said documents, on or about September 17, 2025, Defendant Ahmed Khedr completed and filed a 1040-X Amended 2023 U.S. Individual Income Tax Return via e-filing.

14. The completion of the amended tax return along with the e-filing was assisted by Defendants Dwayne Eichenbaum and Accounting Edge Inc.

15. Prior to amending his 2023 filing, Defendant Khedr's 2023 U.S. Income Tax Return

contained a DoorDash 1099 representing his sole income in the amount of $2,721.00.

16. Defendants Khedr's Amended 2023 Return contained a W-2 Wage and Tax Statement allegedly completed and issued by Plaintiff Lucky Star. (See Exhibit B, P-12).

17. The 2023 W-2 falsely claimed Defendant Khedr was an employee of Lucky Starr and received income from Lucky Star in the amount of $ 43,875.00.

18. At his deposition, in person, on December 11, 2025, Defendant Khedr admitted under oath that he himself had created the 2023 W-2 filed with his amended tax return. (See Exhibit B p.16:7-18).

*Q. Who created the W-2 that says-- that has the employer Elmwood Store Corporation…. Did you receive this from Elmwood Store Corporation or Lucky Star?... Did you receive this-- did you receive this from them.*

*A. Nobody give to me, I made it.*

<u>Deposition Ahmed Khedr 12/11/2025 p. 16:7-18.</u>

19. The 2023 W-2 was created by Khedr without the authority or permission of Plaintiff Lucky Star or any of its employees and/or affiliates.

20. The 2023 W-2 was created by Khedr with the intention to represent that Defendant, an illegal immigrant, was employed by a U.S. company i.e Lucky Star.[1]

21. The 2023 W-2 was falsely created by Defendant Khedr with the intent to mislead and/or induce the U.S. Internal Revenue Service, Philadelphia Court of Common Pleas, a possible jury and all parties related to the complaint including Khedr's counsel of record that Lucky Star had not paid Defendant Khedr sufficient income in 2023.

22. It is undisputed Defendant Khedr did not receive a W-2 from Lucky Starr regarding

---

[1] It was further admitted by Defendant Khedr that he did have legal citizenship in this country. It is not known whether he does or doesn't as of today.

his 2023 wage *solely because* he was not an employee of Lucky Star in 2023.

23. By forging the W-2, Khedr caused the IRS, Philadelphia CCP, and all others to rely on his misrepresentation that he was employed at any time by Lucky Star.

24. As a result, the reliance on his falsity has caused Plaintiff Lucky Star injury to its reputation and its earnings.

25. Through discovery in the CCP case, it was also learned that Khedr had forged a 1099 from Lucky Star in 2022 and filed it with his 2022 federal income tax.

26. Defendant Khedr's counterfeit acts in forging federal documents on behalf of Lucky Star constitute illegal civil and criminal acts.

27. In filing Defendant Khedr's 2023 Amended Tax Return, Defendant's Eichenbaum and Accounting Edge knew or should have known the W-2 was forged.

28. By filing said return with such willfulness, Defendant's Eichenbaum and Accounting Edge aided and abetted Defendant Khedr in his illegal actions.

29. As result all Defendants are jointly and severally liable.

## COUNT I -FORGERY

30. Plaintiff incorporates paragraphs 1-29 as if fully set forth herein.

31. Defendants with the intent to defraud Lucky Star, completed and executed a W-2 form so that it purported to be executed by Lucky Star knowing that Lucky Sar did not authorize or execute said document.

32. Under Pennsylvania Law, forged (documents) are void. *See Harris v. Harris*, 23 A.2d 783 (Pa. 1968).

33. Plaintiff Lucky Star seeks a declaration and adjudication of the fact that Plaintiff did

not create or authorize Defendant Khedr's 2023 W-2 form or 2022 1099 form.

34. WHEREFORE both documents are void as well as any form of employment by Plaintiff of Defendant for 2022 and 2023.

35. WHERFORE, Plaintiff prays as follows:

    a. An Order declaring and adjudging that the W-2 dated 2023 and filed by Defendant Khedr purporting to be created by Lucky Star for income earned by Defendant is VOID;

    b. An Order declaring and adjudging that the 1099 dated 2022 and filed by Defendant Khedr purporting to be created by Lucky Star for income earned by Defendant is VOID;

    c. An Order directing the U.S. Attorney General's Office to indict Defendants with felony charges for intentionally acting in violation of the following criminal statutes:

        i. 26 U.S.C § 7206; Fraud and false statements:

        ii. 26 U.S.C § 7207; Fraudulent returns, statements or other documents:

        iii. 18 U.S.C Chapter 25 Part I; Counterfeiting and Forgery:

        iv. 18 U.S.C § 1546; Fraud and Misuse of visas, permits and other documents; and

        v. Title 18 Pa.Code § 4101, 4107; Forgery and Fraudulent Practices.

    d. An Order directing the U.S. Attorney General's Office to indict all other individuals who continue to aid and abet Defendant Khedr by using his forged forms to support his false FLSA claims.

e. For the costs of this action and for such other and further relief that this court deems necessary and proper to be assessed against Defendants as jointly and severally liable.

## COUNT II- FRAUD

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37. Defendant Khedr forged a 2023 W-2 to falsely represent he was an employee of Plaintiff Lucky Star to extort funds from Plaintiff.

38. Said forgery was material to his claims for unpaid wages.

39. Defendant Khedr admitted under oath that he knew the W-2s were false.

40. Defendant's forgery was made with the intent to mislead all into believing he was an employee of Lucky Star and to support his false claims.

41. Defendant's Eichenbaum and Accounting Edge justifiable reliance on Khedr's forged W-2 induced them into filing amended U.S. Income Tax Return.

42. As a result of Defendants filing the fraudulent Tax Returns, Plaintiff Lucky Star suffered injuries to its reputation and its earnings.

43. WHEREFORE, Plaintiff seeks damages for lost earnings, costs and attorney fees, as well as punitive damages against Defendants to stop their fallacious and salacious activities.

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's claims alleged herein, its claims to damages, to any

defenses to same, including, but not limited to electronic data storage, employment files, files, memos, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, greater than $150,000.00, including but not limited to economic damages, lost income, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**McCainLaw, P.C.**

*//s// J. Edward McCain III*
J. Edward McCain, III
Attorney ID No. 85419
1515 Market Street, Suite 1200
Philadelphia, PA 19102
DATED:  01/21/2026            215-236-1086
jmccain@mccain-law.com

**VERIFICATION**

I, **Edward McCain III,** hereby state:

1. I am the Attorney for Plaintiff in this action;
2. I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and
3. I understand that the statements in said Complaint are subject to the penalties of the 28 U.S.C. §1746 relating to unsworn falsification to authorities.

                                                   */s/J. Edward McCain III*
                                                    J. Edward McCain, III
                                                    Attorney For Plaintiff

DATED: 01/21/2026